### 19286. MORTON *v.* THE STATE.

DECIDED DECEMBER 11, 1928.

*C. L. Harris,* for plaintiff in error.
*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J. The defendant was convicted of possessing and selling intoxicating liquors. He excepted to the overruling of his motion for a new trial. The only special ground of the motion for a new trial is based on alleged newly discovered evidence to the effect that the defendant was illegally arrested, and illegally detained by the officer until a witness for the State could be procured and made to identify him, and thus his constitutional rights were violated, for the reason that he was forced, against his will, to produce this evidence against himself. Since the arresting officer testified in the case, the movant or his counsel could have asked him then if he had a warrant at the time he arrested the defendant, and, on his replying in the negative, could have made objection to the alleged objectionable testimony of the witness who identified him, and thus the objection would have been made at the trial instead of being incorporated in the motion for a new trial. The movant's failure to do this might have justified the trial judge in

concluding that due diligence was not exercised. However this may be, the supporting affidavits required in cases of newly discovered evidence do not come up to the rule laid down in the Civil Code, § 6086.

The defendant introduced no evidence and made no statement. The evidence for the State authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*